IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20012
Summary Calendar

_____

PAUL EARL DORSEY,

Plaintiff-Appellant,

versus

HARRIS COUNTY JAIL; ET AL,

Defendants

SERGEANT FULLER; S.L. JOSEPH;
R.L. RICHARDS,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-93-CV-3287
- - - - - - - - - -

November 12, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Paul Earl Dorsey, Texas prisoner # 642562, appeals the district court's order granting summary judgment in favor of the defendants in his 42 U.S.C. § 1983 civil rights action. Dorsey contends that the district court erred in granting a summary judgment in favor of the defendants on his racial discrimination claim, his failure-to-protect claim, and his retaliation claim.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We have reviewed the record and Dorsey's brief and AFFIRM the district court's judgment for essentially the same reasons set forth by the district court. Dorsey v. Harris County Jail, No. H-93-CV-3287 (S.D. Tex. June 19, 1997 and Dec. 16, 1997).

Dorsey argues that the district court failed to address his claim that the defendants violated his substantive due process rights by filing a false disciplinary charge against him for his involvement in a February 27, 1993, altercation. Because the charges against Dorsey were dismissed and he suffered no harm as a result of the charges, Dorsey has not shown that his constitutional rights were violated. See Woods v. Smith, 60 F.3d 1161, 1165 n.16 (5th Cir. 1995); see also United Indus, Inc. v. Simon-Hartley, Ltd., 91 F.3d 762, 765 n.6 (5th Cir. 1996) (district court judgment may be affirmed on any ground supported by the record).

Dorsey argues that the district court erred in granting a summary judgment in favor of the defendants even though Joseph and Richards did not file a motion for summary judgment and Richards had not been served. Because the district court gave Dorsey notice and an opportunity to come forward with evidence in opposition to the motion for summary judgment, the district court did not err in granting a summary judgment sua sponte in favor of Joseph and Richards. See Washington v. Resolution Trust Corp., 68 F.3d 935, 939 (5th Cir. 1995). The record indicates that a summons was issued for Richards but was returned unexecuted and marked "address unknown." The district court did not err in granting a summary judgment in favor of Richards even though he

had not been served.

Dorsey argues that the district court erred in granting a summary judgment without providing Dorsey an adequate opportunity to conduct discovery.  Because Dorsey has not demonstrated how further discovery would have enabled him to oppose a motion for summary judgment, he has not shown that the district court erred in granting a summary judgment without providing him an adequate opportunity to conduct discovery.  See Paul Kadair, Inc. v. Sony Corp. of America, 694 F.2d 1017, 1030 (5th Cir. 1983).  The district court's judgment is AFFIRMED.  Dorsey's motion for recusal of the district court judge, motion for discovery with S.C. Joseph, request for production of documents, motion for an order compelling inspection of documents, and motion for a default judgment are DENIED.

AFFIRMED; MOTIONS DENIED.